■ JAMES M. MULLIGAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48710.) — COOKE, J. Appeal from a judgment entered July 23, 1969, upon a decision of the Court of Claims, which dismissed the claim for personal injuries arising from a collision of motor vehicles occurring at an intersection of State highways. On October 29, 1965 claimant, a magazine cartoonist, was a passenger in a station wagon operated by Allen Bernard proceeding westerly on route 206 in the Village of Greene. At about 10:00 P.M., when the pavement was clear and dry, the Bernard automobile went through a stop sign at the intersection of Routes 206 and 12 and was struck by a tractor trailer proceeding southerly on 12. Beginning at a point about two blocks from the intersection and proceeding westerly on 206 through Greene, Bernard passed: two clusters of signs designating Routes 206, 41 and 12 (206 and 41 being the same road as one proceeds towards the intersection and thereafter 41 and 12 being the same road as one heads north); a sign designating 41 and 206; a sign designating the junction of 12 and 41; a sign designating the junction of Route 12; a contractor's sign reading "Full Stop Ahead"; a sign indicating construction at intersection, travel restricted; a cluster of signs designating Routes 206, 41 and 12; a stop sign; and a stop bar and the word "Stop" painted on the pavement. The stop sign, stop bar and painted word stop, as well as the route and junction signs, were all reflectorized. The contractor's full stop ahead sign and the construction sign were not, but they were located beneath a street light. The center of the pavement as it approached the intersection was marked with a double solid yellow line. There was proof that, as one approached the intersection going westerly on 206, the stop sign was partially visible at 400-500 feet and completely visible at 230 feet. The speed limit on 206 was 30 miles per hour and this was posted at various intervals through the village. Bernard testified it was difficult to say at what speed he was traveling, but at a motor vehicle hearing and an examination before trial he gave testimony that his speed was approximately 35 miles per hour, this being an estimate. Claimant's expert opined that the intersection was not properly signed and marked. He specified that a single headed arrow sign should have been placed on the south side of 206 together with reflective delineators to show the change of direction of 206 as it lead towards the intersection, that a standard reflectorized stop ahead sign should have been installed

instead of the contractor's full stop ahead sign and that a flashing red light should have been placed over the intersection to control westbound traffic. The State's expert testified that the signing at the approach to the intersection was in accordance with New York State standards and represented good sign design and engineering practice. Disputing claimant's contention, he related that the street lights at the curve led a motorist into the curve rather than straight across, that a warning of this curve was not necessary on a 30 mile per hour design situation. Claimant's expert also stated that the guide rails on the sides of 206 indicated the curve and that the reflectorized double yellow lines in the center of the pavement designated direction. There was evidence, as well, that the contractor's full stop ahead sign, though not standard, was acceptable and legal. The Court of Claims, in dismissing the claim, found that the State was not negligent in the contruction and maintenance of the highway at this intersection and that the signs were adequate to fully inform the traveling public of the condition to be encountered. Clearly, this court would not be justified in setting aside the decision as against the weight of the evidence, as it can be seen plainly that the preponderance in favor of claimant is not so great that the trier of the facts could not have reached its conclusion upon any fair interpretation of the evidence (*Guyotte* v. *State of New York*, 22 A D 2d 975, mot. for lv. to app. den. 15 N Y 2d 483). The proof as to the adequacy of the signs and markings, the distance in which the stop sign became fully visible and the speed limit on 206, did not compel a finding that the signs and warnings along the approach to the intersection were inadequate to inform motorists of the conditions ahead (*Tamm* v. *State of New York*, 29 A D 2d 601, affd. 26 N Y 2d 719; *Kaufman* v. *State of New York*, 27 A D 2d 587). It is urged that the approach to the intersection was a deceptive situation, giving the impression, due to the street lights on former Route 206, that 206 continued straight ahead, causing an operator's attention to be drawn to the left and away from the stop sign and other warnings of the intersection. Three witnesses fixed the point of impact as partially in the westbound lane of 206 and partially in the southbound lane of 12, indicating that Bernard was continuing across the intersection on his side of the road along 206, rather than toward old Route 206. Furthermore, there is no suggestion in Bernard's testimony that he was confused by the street lights on old Route 206 or by anything else. On this record, the Court of Claims certainly was not required to accept appellant's argument as to deception and confusion (cf. *Foley* v. *State of New York*, 16 A D 2d·90, 93–94, affd. 13 N Y 2d 684), said contention being purely conjectural (cf. *Maislin Bros. Transp.* v. *State of New York*, 15 A D 2d 853). Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.