SPENCER W. ROBERTS, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 45327.) — SWEENEY, J. Appeal from a judgment of the Court of Claims, entered June 12, 1968, dismissing the claim. On July 15, 1962 at about 4:00 P.M. appellant was operating his automobile in a southerly direction on Route 9 in the Town of Schroon, Essex County. It was in collision with an automobile (hereinafter referred to as Germano vehicle) which was proceeding in the opposite direction. Just prior to the collision the Germano vehicle came around a right-hand curve. It then went to the right and off on the easterly shoulder; re-entered the highway, crossed it, and struck appellant's vehicle. The testimony revealed that the easterly shoulder for a distance of some 200 to 300 yards south of the point of collision was four inches below the level of the paved highway. The trial court found that the State was negligent in the maintenance of the shoulder and that the appellant was free from any contributory negligence in the operation of his vehicle. It further found that " the negligence of the operator of the Germano vehicle was the direct cause of the accident, entirely separate and distinct from any negligence on the part of the State ". Appellant contends that the negligence of the State was also a contributing proximate cause of the accident, and since there may be more than one proximate cause, the trial court erred in dismissing the claim. The appellant had the burden of proving by a fair preponderance of the evidence not only that the State was negligent, but that that negligence was a contributing cause of the accident. To meet this burden appellant offered the testimony of one Lawton, a traffic engineer dealing with the analysis of accidents on the highway. He opined, in substance, that if the Germano vehicle was out of control when it left the highway, due to the difference in height between the paved highway and the shoulder, the operator would be unable to regain control, or if the vehicle was under control when it left the highway the operator would be unable to keep it under control in re-entering the highway because of this difference in height. Consequently, appellant argues the State's negligence was a contributing cause of the accident. With this reasoning we do not agree. The question of causation was a question of fact for the trial court to determine on all the proof. The testimony of Lawton was merely one portion of the proof pertaining to causation and it had to be considered in light of all the testimony. We find from this record that the trier could conclude that the speed of the Germano vehicle and the manner in which it was being operated just prior to leaving the highway was the sole proximate cause of the accident, and the drop in grade of four inches did not contribute to the happening of the accident. Since there was ample evidence to justify such a conclusion, we should not disturb it. (*Tyrell* v. *State of New York*, 6 A D 2d 958.) Judgment

affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.