■ JOHANNA O'KEEFE, Respondent, v. STUART R. STAPLES et al., Respondents, and TWIN COUNTY TRANSIT MIX, INC. et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants Twin County Transit Mix, Inc. and Acme Concrete & Supply Corp. appeal from an interlocutory judgment of the Supreme Court, Suffolk County, entered July 12, 1971, (1) against them and in favor of plaintiff on the issues of liability, upon a jury verdict, and (2) dismissing their cross claims against defendants Staples and DeLuxe Transit Mix Corporation, upon the trial court's decision at the close of the case. Interlocutory judgment modified, on the law and the facts, by (1) striking therefrom the first and third decretal paragraphs, which are in favor of plaintiff and relate to calendaring the case for trial on the issue of damages and (2) substituting therefor a provision dismissing plaintiff's complaint insofar as it is against defendants Twin County Transit Mix, Inc. and Acme Concrete & Supply Corp. As so modified, interlocutory judgment affirmed, with one bill of costs jointly to said defendants against plaintiff and without costs to defendants Staples

and DeLuxe Transit Mix Corporation. Plaintiff was injured when a concrete cement mix truck, owned by defendant DeLuxe and operated by defendant Staples, rolled down a driveway on the premises of Acme Concrete and struck her automobile. Her complaint alleged that the defendants Acme Concrete and Twin County had permitted their business premises to be used as a parking lot in an unsafe and dangerous manner. In our opinion, neither the manner of Staples' operation and parking of his truck on the sloping driveway nor the manner of the use of the land machinery constituted negligence for which defendants Twin County and Acme Concrete could be held liable, particularly since there is no credible evidence in the record that the owner of the premises should have foreseen that a trucker would park his truck without setting the brakes or putting the truck into gear. Furthermore, Twin County's sole connection with this case is that it does extensive business with Acme Concrete and maintains a dispatcher's office on the premises of Acme Concrete and that certain persons have a substantial interest in both Twin County and Acme Concrete. It does not own or control the property and the machinery which allegedly caused the accident. Thus, it could not be found liable even if Acme Concrete were liable. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.