■ GEORGE M. AMISANO et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 54171.)—Appeal from a judgment, entered October 24, 1973, upon a decision of the Court of Claims, which dismissed the claims. On May 30, 1971, at about 1:40 P.M., claimant George Amisano was operating his automobile in an easterly direction on Route 6 in Westchester County near an entrance to the Taconic State Parkway. His wife, the other claimant, was a passenger in the vehicle. The highway at the scene was concrete, four lanes wide and separated by a mall. At its most easterly point the mall was asphalt and continued as such for about 200 feet when it became an earthen median, approximately six feet wide. At the same time claimant was proceeding easterly, one Bates was proceeding westerly approaching the beginning of the divided section. Intending to enter the Taconic Parkway, Bates slowed down and was changing from the right lane to the left lane when his car began to skid and its left rear struck the northerly most post of the "Keep Right" sign located at the beginning of the earthen median. As a result of such impact, the top part of a post was completely sheared off, flew through the windshield of claimant's vehicle and struck claimant driver in the head, rendering him unconscious and

unable to control the car. These claims, seeking damages, allege various acts of negligence on the part of the State as the cause of the injuries sustained by the claimants. The trial court found that, "the accident was caused by the negligence of Kenneth Bates and that this negligence of Bates was the sole proximate cause of the accident and the chain of events which ensued." The claims were, therefore, dismissed. This appeal ensued and claimants urge reversal based on four acts or omissions on the part of the State which they maintain were the proximate cause of the accident. They contend that, (1) the sign installed by the State was too large, in violation of the Manual of Uniform Traffic Control Devices; (2) that the galvanized posts were defective in that they contained a high carbon content causing the post to break rather than bend; (3) that the State failed to correct the slippery road surface; and (4) that the State failed to install proper warning signs. It is axiomatic that the State would be liable to these claimants only if it were negligent and that negligence was a proximate cause of the injuries sustained. *(Stuart-Bullock v State of New York,* 38 AD2d 626.) The record reveals that it had been raining and the road was wet; that the left rear tire of the Bates' car had little tread remaining on it; that Bates pled guilty to driving with an unsafe tire; and that Bates, aged 17, had held a driver's license for only 11 months. Considering this record in its entirety, we find no reason to disturb the trial court's determination that the negligence of Bates was the sole proximate cause of this accident. In our view, none of the acts or omissions urged by claimants for reversal was the proximate cause of this accident. (See *Darling v State of New York,* 16 NY2d 907; *Roberts v State of New York,* 34 AD2d 1071; *Mulligan v State of New York,* 34 AD2d 604.) Furthermore, the State, in our opinion, could not have reasonably foreseen or anticipated the tragic result of this bizarre concatenation of events to these claimants. *(Azoltovic v Fuller Co.,* 42 AD2d 543; *O'Keefe v Staples,* 39 AD2d 605; *Cartee v Saks Fifth Ave.,* 277 App Div 606, 609–610.) The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.