■ JEANNE KROMER as Limited Administratrix of the Estate of FRANK KROMER, Deceased, Appellant, v STATE OF NEW YORK, Defendant, and New York State Thruway Authority, Respondent. (Claim No. 53862.)—Appeal from a judgment, entered June 19, 1975, upon a decision of the Court of Claims which dismissed the claim. Claimant brought this action to recover damages for the alleged wrongful death of her intestate on July 23, 1970 at approximately 6:00 A.M., when the Volkswagen sedan operated by the deceased in a southerly direction on the southbound lane of the New York State Thruway in the vicinity of mile post No. 43.1 was struck broadside by a 1963 Dodge sedan owned and operated by one Charles J. Luisi, the only eyewitness to the accident. Luisi was proceeding north in the center lane of the northbound Thruway at approximately 65 miles per hour. The northbound and southbound sections of the Thruway in the vicinity of the accident each have three lanes 37 feet wide, and are separated by a 50-foot mall. Luisi testified that as he was operating his car he heard a blasting sound similar to the sound of a tire blowing out; that his car tilted and the front end was lower than the back, and he was thrown forward; he removed his hands from the steering wheel to protect himself when he was propelled forward; that he then struck his head on the windshield and saw a flash of light caused by the impact of his head on the windshield. He had no further recollection of the accident. The evidence indicates that after Luisi struck his head on the windshield of his car, he lost control thereof. It was daylight, visibility was unimpeded, the road was dry and there was no obstruction to safe passage in the paved portion or the shoulder portion of the highway. The car traveled in a northerly direction across the right northbound lane onto the shoulder. After the Luisi car traveled about 130 feet on the shoulder it eventually crossed the nine-foot shoulder and the

tires on the right side of the car apparently engaged the remains of a broken delineator protruding four or five inches above the ground situated 10 feet and 6 inches from the pavement on the northbound lane and one foot and six inches from the northbound shoulder and the body of the car also engaged a delineator standing two inches from the broken delineator and 10 feet and 8 inches from the edge of the pavement. Delineators are markers placed on the entire length of the Thruway along the right side of the highway outside the traveled portion of the highway. The State trooper who investigated the accident was of the opinion that the two right tires of the Luisi car blew out as the result of engaging or running over the remains of the broken delineator. After engaging the broken delineator, the car traveled about 420 feet in a semicircular course from the east shoulder of the Thruway and across the three lanes of the northbound Thruway, across the 50-foot mall and across another 27 to 30 feet of the southbound lanes when it struck claimant's intestate's car. The claimant claimed that the State was negligent in permitting the broken stub of the delineator to remain in the right of way and that the State's negligence was the cause or one of the causes of death of claimant's intestate. The court found that the State was not negligent and that the existence of the remains of the broken delineator was not the proximate cause of the accident and dismissed the claim. On this appeal, claimant contends the decision of the court is contrary to the weight of the evidence and contrary to law. Considering this record in its entirety, we find no reason to disturb the court's determination that the State was not negligent and that the State's alleged negligence was not the proximate cause of the accident. This tragic accident was caused through no fault of the State when Luisi lost complete control of his car. "The question of causation was a question of fact for the trial court to determine on all the proof". *(Roberts v State of New York,* 34 AD2d 1071; see, also, *Battalla v State of New York,* 10 NY2d 237, 240; *Comstock v Wilson,* 257 NY 231.) Furthermore, the State could not have reasonably foreseen the consequence of its alleged negligent action *(Williams v State of New York,* 308 NY 548; *Palsgraf v Long Is. R.R. Co.,* 248 NY 339; *Amisano v State of New York,* 48 AD2d 982). The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.