■ JAMES B. M. FROST et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58007.)—Appeal from a judgment, entered June 18, 1975, upon a decision of the Court of Claims which dismissed the claim after trial. Claimants brought this action to recover damages for personal injuries and property damage sustained in a one car accident that occurred on November 6, 1971 at about 11:00 P.M. on Route 6 in the Town of Carmel, New York. The vehicle operated by the claimant James B. M. Frost failed to negotiate a turn and was propelled over a guardrail and down an embankment. The claimant operator sustained internal injuries and injuries to his chest, and the claimant Barbara L. Frost, wife of the operator and a passenger in the vehicle, sustained injuries to her spinal cord and nervous system rendering her a permanent quadriplegic. The accident occurred at a point approximately 100 feet past the intersection of Route 6 and Drewville Road, which entered from the right, and the curve on which the accident occurred began at that intersection. Before approaching the site of the accident there is another curve. Claimant James Frost testified that, as he was proceeding around the curve before that on which the accident occurred, he was traveling at less than 30 miles per hour and that he shifted down and slowed down. His wife stated she overheard him say that he would have to slow down further for the next turn. The operator also testified that as he entered the second curve and just prior to being propelled over the guardrail, he felt something wrong with the car and as he went around the curve he felt "as if almost like a magnet was drawing me over the guardrail." The vehicle traveled for a short distance on the adjacent shoulder before mounting the guardrail. The operator did not apply his brakes, but attempted instead to steer the vehicle away from the guardrail. There is conflicting testimony as to the condition of the shoulder and of the guardrail. However, there is no proof of any defect or condition of the highway that would necessitate use of the shoulder by the operator, nor has the claimant offered any explanation for his vehicle being upon the shoulder of the highway. Approximately 270 feet before the intersection of Route 6 and Drewville

Road there was an "intersection right" sign with appropriate symbol. Beyond that sign and closer to the intersection was a 20 mile per hour speed sign, mounted on the same posts with a sign indicating a sharp left turn. There is testimony to the effect that the operator was familiar with this turn, and that under ordinary conditions a car should be able to negotiate the curve at a speed of 20 miles per hour. Claimants contend that the negligence of the State in the construction and maintenance of the highway and of the guardrails appurtenant thereto was the proximate cause of their injuries. The court dismissed the claims following a trial, upon its finding that the sole and proximate cause of the accident was the driver's inability to control the vehicle at the speed at which he entered the sharp curve; that the cause of the injuries was the manner in which the vehicle struck the barrier, even though the injuries may have been aggravated by the vehicle jumping the barrier and going down the embankment; and that there were adequate and proper signs and warnings of the proper speed required to safely negotiate the situs of the accident. Implicit in the decision is also a finding by the court that the adjacent shoulder of the highway and the guardrail were properly maintained. On this appeal claimants contend that these findings constitute error on the part of the court. Considering this record in its entirety it cannot be said that the findings below are against the weight of the evidence, and we find no reason to disturb the court's determination that the State was not negligent, and that the State's alleged negligence was not the proximate cause of the accident. The question of causation was one of fact for the court to determine on all the proof *(Kromer v State of New York,* 51 AD2d 827; *Roberts v State of New York,* 34 AD2d 1071). We find from this record that the trier of the facts could well conclude that the speed of the Frost vehicle and the manner in which it approached the curve and proceeded to negotiate it just prior to leaving the traveled portion of the highway was the sole proximate cause of the accident. The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.