■ WILLIAM F. LESLIE et al., Appellants, v STATE OF NEW YORK, Respondent.—Casey, J. Appeal from a judgment in favor of the State, entered March 6, 1985, upon a decision of the Court of Claims (Murray, J.).

The accident which caused the injuries of claimant Ruth A. Leslie (hereinafter claimant) occurred on Route 396 in the Town of Bethlehem, Albany County, in the early morning hours of November 22, 1976. At that time, claimant was proceeding easterly on this two-lane macadam highway and approaching a railroad underpass when she noticed two deer near the north side of the highway. She slowed down. An oncoming vehicle, driven by Thomas Tasapatoris, emerged from the underpass, struck one of the deer and veered into claimant's lane, causing her severe and permanent injuries.

Claimant, and her husband derivatively, have sued the State in negligence, alleging improper construction and maintenance of Route 396 at the place of the accident. Specifically, claimants contend that the State's negligence consisted in failing to post a deer crossing sign and in failing to adequately warn of a curve and speed limit by use of proper signs. Contrary to the opinion of claimant's expert, based on his observation of the accident site eight years after the happening of the accident, the Court of Claims found that the State

had established through the testimony of a biologist with the Department of Environmental Conservation that a deer crossing sign was not warranted, considering the low deer population in the Town of Bethlehem and the lack of a defined deer crossing at the accident site. As to a speed sign, it appears that the only speed sign on the highway in its westerly approach to the underpass indicated that the prescribed speed limit was 55 miles per hour. A sign 400 feet east of the underpass indicated that the highway curved to the right. Claimant's expert testified that in his opinion a safe rate of speed for negotiating the curve as one approached the underpass traveling west was 41 miles per hour and that the site should have had a 40 miles-per-hour speed sign posted. The witness following the Tasapatoris vehicle at the time of the accident estimated his speed at 45 miles per hour. The Court of Claims found that a sign requiring a reduced speed of 40 miles per hour was not necessary due to the presence of the sign which indicated that the road curved to the right. The court further found that the highway construction and the lack of more warning signs did not proximately cause or contribute to the accident. Accordingly, the claim was dismissed.

The determination by the Court of Claims of no liability is adequately supported by the weight of the evidence and should be affirmed (see, *Wingerter v State of New York,* 58 NY2d 848, 850; *Raynor v State of New York,* 98 AD2d 865). The purpose of a deer crossing sign is "to warn of reasonably well-defined locations where deer tend to cross a highway" (17 NYCRR 235.7 [a] [1]). Such a sign should be erected only where necessary (17 NYCRR 235.7 [a] [2]). The posting of such a sign is discretionary and, in regard thereto, the State enjoys a limited immunity from negligence (*Ufnal v Cattaraugus County,* 93 AD2d 521, *lv denied* 60 NY2d 554). Claimants have failed to show that the State's failure to erect a deer crossing sign was irrational (cf. *Massar v New York State Thruway Auth.,* 34 Misc 2d 195). Furthermore, the question of proximate causation was a factual issue for the Court of Claims and its determination that the lack of additional signs did not proximately cause or contribute to the accident is supported by the trial evidence (see, *Roberts v State of New York,* 34 AD2d 1071, *lv denied* 27 NY2d 489). The judgment should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.