■ JULIE D. NILES et al., Appellants, v COUNTY OF CHAUTAUQUA, Respondent, et al., Defendants. [755 NYS2d 157] —Ap-

peal from that part of an order of Supreme Court, Chautauqua County (Martoche, J.), entered September 18, 2001, that granted that part of the motion of defendant County of Chautauqua seeking summary judgment dismissing the claim that it was negligent in failing to post signs warning of a deer crossing area.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Julie D. Niles (plaintiff) in a one-vehicle accident on County Route 380. Plaintiff swerved her vehicle to avoid a deer in the road, and her vehicle struck a tree. Supreme Court properly granted that part of the motion of the County of Chautauqua (defendant) seeking summary judgment dismissing the claim that it was negligent in failing to post signs warning of a deer crossing area. The posting of a deer crossing sign is a discretionary act for which defendant has limited immunity (*see Ufnal v Cattaraugus County,* 93 AD2d 521, 524, *lv denied* 60 NY2d 554). Thus, "[a]bsent a showing that [defendant's] failure to post a deer crossing sign was without any reasonable basis, [defendant] would not be responsible" to plaintiffs for failing to post such a sign (*id.* at 524-525). Defendant met its initial burden by presenting evidence that it relies upon citizen complaints of both heavy deer use and deer/vehicle accidents before instituting its procedure pursuant to the Manual of Uniform Traffic Control Devices (MUTCD) to determine whether a deer crossing sign is necessary, and here no citizen complaints were received of either heavy deer use or deer/vehicle accidents for the area in which the accident occurred. Thus, defendant did not institute its procedure to determine whether there were any established deer crossing locations. Pursuant to the MUTCD, deer crossing signs "should be used only after deer crossing locations or sections have been carefully determined and there is evidence, such as deer accidents or local deer sightings, that motorist warning is necessary. The regional wildlife manager of the Department of Environmental Conservation should be consulted in determining locations where deer crossing signs would be appropriate" (17 NYCRR 235.7 [a] [2]). In opposition to defendant's motion, plaintiffs presented evidence that defendant was aware of deer/vehicle accidents that had occurred on a 4³/₄-mile section of County Route 380 that included the area in which the accident occurred. Plaintiffs also presented evidence that deer often crossed County Route 380 near the accident site. We conclude that the evidence presented by

plaintiffs is insufficient to raise an issue of fact whether defendant's failure to post deer crossing signs in the area in which the accident occurred "was without any reasonable basis" (*Ufnal*, 93 AD2d at 524; *see generally Leslie v State of New York*, 120 AD2d 905, 906). Contrary to the statement of the dissent, there is no evidence in this record that "the deer-related incidents were heavily concentrated in the very area where the accident occurred."

All concur except Hurlbutt and Gorski, JJ., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Hurlbutt and Gorski, JJ. (dissenting). We respectfully dissent. Unlike the majority, we conclude that plaintiffs raised a triable issue of fact whether the failure of the County of Chautauqua (defendant) to post deer crossing signs in the area where the accident occurred was without any reasonable basis. Plaintiffs established that defendant had actual notice of at least 19 deer carcasses in the area at issue in the three years preceding the accident inasmuch as defendant hired deer processors on 19 occasions to retrieve the carcasses in that area. Moreover, plaintiffs established that the deer-related incidents were heavily concentrated in the very area where the accident occurred.

In our view, the majority's reliance on *Ufnal v Cattaraugus County* (93 AD2d 521, *lv denied* 60 NY2d 554) is misplaced. In *Ufnal*, the defendant county was generally aware of its large deer population but established that it had no written complaints of vehicle-deer accidents in the vicinity of the accident and that there otherwise was no evidence of such accidents. Thus, in concluding that the trial court properly dismissed the complaint, this Court determined that there was no evidence to support a finding that "there was no reasonable basis for the county's exercise of discretion in following its established procedures and not examining the area or posting a sign" (*id.* at 525). In this case, however, there was evidence of vehicle-deer incidents in the vicinity of the accident and that defendant was aware of such incidents. Moreover, deer crossing signs should be posted "only after deer crossing locations or sections have been carefully determined and there is evidence, such as deer accidents or local deer sightings, that motorist warning is necessary" (17 NYCRR 235.7 [a] [2]). Here, plaintiffs established that such evidence exists, thereby raising an issue of fact whether there was any reasonable basis for defendant's failure to post deer crossing signs. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton JJ.