Reames v State of New York (2018 NY Slip Op 00713)





Reames v State of New York


2018 NY Slip Op 00713


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1196 CA 17-00575

[*1]DOROTHY REAMES, AS EXECUTRIX OF THE ESTATE OF H. CARLTON REAMES, DECEASED, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, NEW YORK STATE THRUWAY AUTHORITY AND NEW YORK STATE CANAL CORPORATION, DEFENDANTS-RESPONDENTS. (CLAIM NO. 120260.) 






GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR CLAIMANT-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Court of Claims (Glen T. Bruening, J.), entered June 14, 2016. The judgment dismissed the claim. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the claim insofar as it alleges that defendants created a dangerous condition that constituted a proximate cause of the injuries of H. Carlton Reames, and as modified the judgment is affirmed without costs, and the matter is remitted to the Court of Claims for further proceedings in accordance with the following memorandum: On June 19, 2011, H. Carlton Reames
(decedent) sustained fatal injuries when the vehicle in which he was riding as a passenger crashed into an out-of-commission bridge in Verona, New York. The driver of the vehicle turned onto Stoney Creek Road, and the first of four warning signs indicating that the Stoney Creek Road Bridge (Bridge) was closed was situated on the right-hand side of Stoney Creek Road immediately after Greenway Road. That first sign was a five-foot-high, white, rectangular sign, with one orange square affixed to each of the top two corners, and black lettering stating: "BRIDGE CLOSED 3/4 MILES AHEAD LOCAL TRAFFIC ONLY." The second sign was also on the right-hand side of the same road, further north, about 460 feet before the Bridge, and it was a diamond-shaped orange sign with black lettering stating: "BRIDGE CLOSED 500FT." The third sign was still further north, about 89 feet before the Bridge, and it entirely crossed both lanes of the road. That sign consisted of one white rectangle with black lettering stating: "BRIDGE CLOSED" in the center of the two lanes, flanked on either side by a "Type 3 barricade," which is a five-foot-high by four-foot-wide barricade affixed to the pavement, consisting of three horizontal, orange and white diagonally striped panels, stacked vertically. The fourth and last sign was located further north at the southern entrance to the Bridge. It was a six-inch square hollow steel box beam with a small strip of orange and white diagonal reflective stripes across the middle, and it was long enough to be welded across the entire two-lane road. The driver of the vehicle drove past the first two signs, directly through the center of the third sign and, finally, into and under the fourth sign, i.e., the southern entrance steel box beam. Because of the height at which the steel box beam was situated, the vehicle underrode the beam, and the driver was killed instantly. The vehicle continued forward, traveling across the Bridge and then striking a second steel box beam that was welded to the other entrance of the Bridge. Decedent died the following day from severe head injuries.
As executrix of decedent's estate, claimant commenced this wrongful death action alleging, inter alia, that defendants were negligent in the operation and maintenance of the Bridge first, by creating a dangerous condition on the Bridge, i.e., the steel box beam, and second, by [*2]failing to sign the Bridge adequately for closure. Because it is a matter of particular importance on appeal, we note that claimant presented evidence during trial that defendants' creation of the above alleged dangerous condition was a proximate cause of decedent's injuries and death.
After a two-day, nonjury trial, the Court of Claims determined that claimant failed to establish by a preponderance of the evidence her theory that defendants acted negligently when placing warning signs and barricades leading up to the closed Bridge, or that such negligence, if established, was a proximate cause of the accident. The court did not explicitly address claimant's other theory of negligence regarding defendants' creation of the alleged dangerous condition.
" According considerable deference to the findings of the [court herein], as is appropriate' " (Wilson v State of New York, 269 AD2d 854, 855 [4th Dept 2000], affd 95 NY2d 455 [2000]), we conclude that the court properly determined that "the signs and barricades leading north to the . . . Bridge on Stoney Creek Road were sufficient on the date of the accident for their intended purpose—to warn drivers that the [B]ridge was closed." In addition, "[t]he question of causation was one of fact for the court to determine on all the proof" and, here, the court's conclusion that inadequate signage was not a proximate cause of the accident is supported by the record (Frost v State of New York, 53 AD2d 936, 937 [3d Dept 1976]).
We agree with claimant, however, that the court erred in dismissing the claim insofar as it alleges that defendants created a dangerous condition that constituted a proximate cause of decedent's injuries. We therefore modify the judgment accordingly. Although defendant State of New York is not an insurer of its roads and highways (see Kissinger v State of New York, 126 AD2d 139, 141 [3d Dept 1987]), it "has an obligation to provide and maintain adequate and proper barriers along its highways" (Gomez v New York State Thruway Auth., 73 NY2d 724, 725 [1988]). Here, we conclude that defendants' decision to weld a steel box beam across the front of the Bridge, at a height that allowed a motor vehicle to proceed under the beam, constituted the creation of a dangerous condition as a matter of law (see generally Lattanzi v State of New York, 74 AD2d 378, 379-380 [3d Dept 1980], affd 53 NY2d 1045 [1981]; Grevelding v State of New York, 91 AD3d 1309, 1310 [4th Dept 2012]).
A further issue to be determined is whether that dangerous condition constituted a proximate cause of decedent's fatal injuries, and we therefore remit the matter to the Court of Claims to make that determination. We note that, with respect to the claim that defendants created the dangerous condition, claimant proceeded under a "second-impact theory whereby she contended, not that [defendants] caused the accident, but that [their] negligence . . . was [a] proximate cause of . . . decedent's injury" (Matter of Kirisits v State of New York, 107 AD2d 156, 158 [4th Dept 1985]). The fact that no negligent act of defendants caused the vehicle to collide with the steel box beam is irrelevant. The point to be addressed is whether the steel box beam was a substantial factor in aggravating decedent's injuries and causing his death (see id.; see also Gutelle v City of New York, 55 NY2d 794, 796 [1981]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court