Louis Anthony, Sr., Claimant, *v.* State of New York, Defendant. (Claim No. 30184.)

Court of Claims, July 18, 1950.

*Roger Williams* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Lawrence H. Wagner* of counsel), for defendant.

LOUNSBERRY, P. J.  The State has moved to dismiss this claim on the ground that it fails to state facts sufficient to constitute a cause of action.  The claim alleges that while the claimant was driving along State Highway Route No. 2 in the vicinity of Grafton, New York, at about 5:30 P.M., on November 25, 1949, a spike-horned deer suddenly dove out of the underbrush and woods along the south side of the highway and struck the claimant's car, damaging it and injuring the claimant.  The claimant charges the State with negligence in failing to cut and remove the brush and woods, in failing to provide any warning signs concerning the presence of deer, in failing to station game wardens to warn drivers, and in failing to establish a speed limit of fifteen miles per hour.  His theory seems to be that the State, having undertaken to protect deer and being responsible for the maintenance of the highway in a safe condition for travel, was under a duty to take measures to protect the driving public against wild and vicious deer.

Such is not the law.  It was firmly established by the decision in *Barrett* v. *State of New York* (220 N. Y. 423), that the State is not liable for injuries or damages caused by wild animals simply because the State has undertaken to protect them by means of fish and game laws.  In that case, the State, in an effort to increase the beaver, which had become almost extinct, purchased and liberated a number of beaver in the Adirondack area and prohibited molestation and disturbance of beaver and of houses.  Some of the liberated beaver proceeded to destroy a large number of trees on the claimant's property.  In dismissing his claim against the State for damages, the Court of Appeals stated that the general right of the government to protect wild animals was long and well established (citing *Phelps* v. *Racey*, 60 N. Y. 10), was a proper governmental function for the benefit of the public at large, and that no one could complain of incidental injuries which might result.

In *Corron* v. *State of New York* (170 Misc. 811), a claim for damages to fruit trees caused by cottontailed rabbits which were protected by law, was dismissed on the authority of the *Barrett* case.  In *Mann* v. *State of New York* (47 N. Y. S. 2d 553), a claim for damage resulting from a collision of a car with a deer on a State highway, very similar to the present case, was dismissed on the same authority.

There is nothing in the present claim to distinguish it in principle from the foregoing cases and therefore, on the authority of such cases, the motion of the State to dismiss the claim is hereby granted.

Submit order accordingly.