HERBERT R. MORRISON, an Infant, by FRED J. MORRISON, His Guardian ad Litem, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 31142.)

Court of Claims, July 10, 1952.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner of counsel), for defendant.*

*Lewis B. Parmerton for claimant.*

LAMBIASE, J. The State of New York has moved in the above-entitled claim " for an order dismissing the claim herein on the ground that it appears on the face of the claim that it does not state facts sufficient to constitute a cause of action against the State of New York, and for such other and further relief as to this Court may seem just and proper." The motion is resisted by the claimant.

The claim as originally filed alleges, among other things:

" 5. That upon information and belief, on the 15th day of October, 1951, at about 11:30 o'clock in the morning, the claimant

was lawfully operating a motorcycle owned by him in an easterly direction on said Route 17, about a mile easterly of the Hamlet of Tioga Center, in a careful and prudent manner. Said highway as it leaves Tioga Center in an easterly direction curves, rises and descends over a hill, and such point is known as the Devil's Elbow. That said motorcycle, without any negligence on the part of the claimant, came in contact with a deer, thereby causing severe personal injuries to the claimant and damage to the said motorcycle.

" 6. That said hill on which the Devil's Elbow is located on said State Route 17, and easterly and westerly thereof, is a place where deer congregate at intervals and cross the highway suddenly, creating a dangerous and hazardous condition for users of the highway.

" 7. That said accident and damages were caused solely by reason of the negligence of the State of New York, its officers, agents and employees, and without any negligence on the part of the claimant contributing thereto. That the State of New York, its officers, agents and employees, were negligent in constructing, reconstructing and maintaining said road, and in failing to erect and maintain signs and markers warning travelers on said highway of the existence of such area and danger as described in Paragraph 6 hereof."

Upon the return day of the motion to dismiss, the claimant moved to amend paragraph six of his claim to read as follows: " That the said hill on which the Devil's Elbow is located on said State Route 17, and easterly and westerly thereof, is a place where deer congregate, and for sometime past have congregated at intervals and cross, and for sometime past have crossed the highway suddenly, creating a dangerous and hazardous condition for users of the highway, and such condition was known to The State of New York, its agents, servants and employees, and should have been known to The State of New York, its agents, servants, and employees, for a considerable time prior to the collision referred to in Paragraph 5 thereof." The motion was granted and the order providing for the same sets forth: " And it is further Ordered, that the motion made by The State of New York to dismiss the complaint be and the same hereby is deemed to have been made to the claim of the claimant as hereby amended."

For the purposes of this motion to dismiss, the allegations of the claim must be deemed established and " every intendment and fair inference is in favor of the pleading." (*Madole* v. *Gavin*, 215 App. Div. 299, 300; *McClure* v. *Massachusetts Bonding & Ins.*

*Co.,* 266 N. Y. 371, 373; *Sztejn* v. *Schroder Banking Corp.,* 177 Misc. 719.) There is no admission, however, of the truth of any conclusions either of law or of fact. (*Greeff* v. *Equitable Life Assur. Soc.,* 160 N. Y. 19, 29.) '' A complaint states a cause of action if, under its allegations, evidence may be admitted which will prove a cause of action; and the plaintiff is entitled to all the facts that may be fairly implied from the allegations by reasonable and fair intendment. (*Sage* v. *Culver,* 147 N. Y. 241; *Abbey* v. *Wheeler,* 170 id. 122, 127.)'' (*Rockefeller* v. *Kellas,* 222 App. Div. 368, 370.) Construing the amended claim in the light of the foregoing, we are of the opinion that it does state facts sufficient to constitute a cause of action against the State of New York. In arriving at our conclusion herein we have not been unmindful of and have considered the cases of *Barrett* v. *State of New York* (220 N. Y. 423), *Mann* v. *State of New York* (47 N. Y. S. 2d 553), *Anthony* v. *State of New York* (204 Misc. 241) and we have been much impressed by what appears with reference to '' Deer Crossings '' at page 55 of the '' Manual of Uniform Traffic Control Devices '' constituting the rules and regulations of the State Traffic Commission with respect to traffic signs, signals and markings, adopted by said commission on April 28, 1948, in accordance with the authority contained in sections 95-a, 95-b, and 95-h of the Vehicle and Traffic Law of the State of New York, effective September 1, 1948, and which reads in part, pertinent to our question herein, as follows: '' This sign shall be used on both sides of locations where deer cross a highway in a well-defined path and evidence exists that this crossing constitutes a traffic hazard.''

Motion denied.

Submit order accordingly.