644 P.2d 548

**Donald E. BLACKBURN, Plaintiff-Appellant, Cross-Appellee,**

v.

**STATE of New Mexico, State Highway Department, and State Highway Engineer, Defendants-Appellees, Cross-Appellants.**

**No. 5191.**

Court of Appeals of New Mexico.

April 15, 1982.

Jack Zorn, J. Duke Thornton, Shaffer, Butt, Thornton & Baehr, Albuquerque, for plaintiff-appellant, cross-appellee.

Turner W. Branch, Branch, Perkal & Assoc., Albuquerque, for defendants-appellees, cross-appellants.

## OPINION

NEAL, Judge.

This is a case arising under the Tort Claims Act, § 41–4–1, et seq., N.M.S.A. 1978. The plaintiff, Donald Blackburn, was injured in a motorcycle accident, and sued the Highway Department alleging negligent design and maintenance of an intersection. The jury returned a verdict for defendants, probably because of evidence that the driver of the motorcycle on which plaintiff was riding was negligent. Plaintiff appeals contending that Instruction 15 was incorrect, misleading, and prejudicial. Defendants cross-appeal contending that their motion for a directed verdict based on immunity should have been granted.

We affirm.

The intersection involved is the junction of U.S. 85 and State Road 6 in Los Lunas. It is controlled by a traffic light. U.S. 85 runs north and south; highway 6 runs east and west. U.S. 85 has two northbound and two southbound lanes. The western-most southbound lane north of the intersection does not extend very far from the intersection to the north; testimony did not conclusively establish how far it extended to the north.

Plaintiff was riding on the back of a motorcycle driven by Earl Whittemore. The motorcycle was heading north on U.S. 85 and stopped at the intersection to turn left onto highway 6. Richard Gonzales was heading south in the right hand curb lane (westernmost southbound lane). The motorcycle had a green light, but because of the traffic Whittemore, the driver of the motorcycle, could not see the southbound right hand curb lane. Whittemore assumed that the obscured curb lane was a right turn lane only, and even though he could not see whether any vehicles were in that lane he proceeded to turn left anyway. Whittemore also testified that if he had waited a few seconds before turning left his view would not have been obstructed. Whittemore thought that Richard Gonzales, driver of the car which came straight through and struck the motorcycle, was speeding. Plaintiff's witness, Mr. Evans, testified that both Mr. Whittemore and Mr. Gonzales made driver error. Mr. Whittemore assumed that the southbound right hand curb lane was a right hand turn only lane and did not expect anyone to come straight through.

It was the defendants' theory of the case that the accident was caused by the negligence of the motorists.

The plaintiff's theory was that the Highway Department's negligence proximately caused the accident. Specifically, he alleged:

1. The defendants failed to provide sufficient sight distance for vehicles turning left.

2. The defendants knew or should have known that according to local custom, the southbound curb lane was thought to be a right turn only lane. The defendants failed to provide a sign or marking to correct the misconception so that the motorcycle driver would have expected traffic coming straight through.

3. The defendants failed to maintain a southbound curb lane of sufficient length, breadth, and alignment so that the motorcycle driver would know that the curb lane was not a right turn only lane.

4. The defendants failed to provide sufficient positive guidance for the motorcycle driver to make a safe left turn.

5. The defendants failed to provide a left turn signal.

6. The defendants failed to provide left turn bays.

## I. Imminity.

■ Defendants' motion for a directed verdict based on immunity was denied. This is the basis of their cross-appeal. We address this issue first because if the defendants are immune, the plaintiff's challenge to Instruction 15 need not be considered.

In ruling on a motion for a directed verdict the trial court may properly remove a case from consideration by the jury only when no true issues of fact have been presented. *Loucks v. Albuquerque National Bank*, 76 N.M. 735, 418 P.2d 191 (1966). If, as a matter of law, defendants were immune from suit in the situation presented here, there would have been no issues for the jury, and a directed verdict would be proper. The trial court, however, correctly ruled that defendants enjoyed no immunity and denied the motion for a directed verdict, properly leaving issues of negligence for the jury.

It is the contention of the Highway Department that the engineering decision to design or not redesign is immune under § 41–4–11 B, N.M.S.A.1978. That statute allows immunity for defects "in plan or design." In contrast, § 41–4–11 A, N.M.S.A.1978, provides that negligent "maintenance" is not immune. Moreover, § 41–4–6, N.M.S.A.1978, withdraws immunity for negligence "in the operation or maintenance of any . . . equipment or furnishings." Looking to plaintiff's specific allegations of negligence, we must determine whether they involve the plan or design, or whether they involve negligent maintenance of equipment or furnishings.

The plaintiff alleged negligence in, among other things, failing to provide signs or markings to correct a misconception that the southbound curb lane of U.S. 85 was a right turn only lane, failing to provide a left turn signal, and failing to provide left turn bays.

In *Rickerson v. State of N.M. and City of Roswell*, 94 N.M. 473, 612 P.2d 703 (Ct. App.), *cert. denied*, 94 N.M. 675, 615 P.2d 992 (1980), the defendants, the State of New Mexico and City of Roswell, argued that they were immune under § 41–4–4 A, N.M.S.A.1978 and § 41–4–11 B, N.M.S.A. 1978. In *Rickerson*, the intersection was controlled by a stop sign, but the plaintiff argued that a traffic light should have been used. The Court of Appeals noted that § 41–4–6 and § 41–4–11 A withdraw immunity for damages resulting from negligence "in the operation or maintenance of any . . . equipment or furnishings," and for negligence "in the maintenance of or for the existence of any . . . highway, roadway, street," and, citing *City of Albuquerque v. Redding*, 93 N.M. 757, 605 P.2d 1156 (1980), held that §§ 41–4–11 B and 41–4–6, the more specific statutes, applied. They further held that the single stop sign was equipment, and that the question of inadequate controls at an intersection is one of negligent maintenance. Whether a single stop sign should have been replaced with a traffic light was a matter for the jury, since the City of Roswell and the State of New Mexico were not immune from suit.

The present case closely parallels *Rickerson, supra*, in that the plaintiff's allegations largely concern equipment, and whether or not there were adequate traffic controls. Plaintiff alleged that a left turn signal was necessary; this is no different from the situation in *Rickerson*. Traffic signals are equipment, and the placement of a left turn signal, or the lack thereof, concerns maintenance of equipment. Plaintiff also alleged a failure of the defendants to place signs or markings. This concerns the question of inadequate controls, and under *Rickerson* is deemed maintenance; therefore defendants are not immune.

The plaintiff's allegations, in large part, concern signals and signs. Under *Rickerson* the State of New Mexico does not enjoy immunity for such decisions, and whether signs or a left turn signal were necessary was a question for the jury. The defendants' motion for a directed verdict based on immunity was properly denied.

## II. Instruction No. 15.

Following is the instruction complained of:

*Instruction No. 15*

Plaintiff's cause of action against defendants, State of New Mexico, State Highway Department and State Engineer, is based upon and must meet the requirements of the law relating to the liability of a public entity for a dangerous condition of public property.

Before the plaintiff may be entitled to your verdict under this law, against defendants, State of New Mexico, State Highway Department and State Engineer, you must find from a preponderance of the evidence:

First: That Intersection at State Road 85, State Road 6 in Los Lunas, New Mexico was in a dangerous condition on April 14, 1979;

Second: That the injury of which plaintiff complains was proximately caused by the dangerous condition;

Third: That the injury occurred in a way which was reasonably foreseeable as a consequence of the dangerous condition of the property; and

Fourth: That either:

(a) The dangerous condition was created by a negligent or wrongful act or omission of an employee of the defendants, State of New Mexico, State Highway Department and State Engineer, acting within the scope of his employment, or

(b) The defendants, State of New Mexico, State Highway Department and State Engineer, had actual or constructive notice of the dangerous condition a sufficient time prior to the time of the accident so that measures could have been taken to protect against the dangerous condition.

■■■ All instructions must be read together and if, when so considered, they fairly present issues and law applicable thereto, they are sufficient. *Webb v. Webb*, 87 N.M. 353, 533 P.2d 586 (1975). A reviewing court considers the instructions as a whole. *American Telephone & Tel. Co. of Wyo. v. Walker*, 77 N.M. 755, 427 P.2d 267 (1967). Instructions which are not supported by the evidence or present a false issue should not be given. *State v. Atchi-*

son, *Topeka and Santa Fe Railway Co.*, 76 N.M. 587, 417 P.2d 68 (1966). A party complaining of faulty instructions must show prejudice before reversal is warranted. *Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296 (1970).

■ The instructions given in this case, considered together, fairly present the applicable law. Instruction 15 was a correct statement of New Mexico law; it was not misleading or prejudicial.

Plaintiff-appellant's first argument is that (1) Instruction 15 is based upon California law concerning governmental entities; (2) California law is statutory and is not based upon common law negligence theories; (3) New Mexico does rely on common law that principles in Tort Claims Act cases, *Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980); (4) therefore, the California instruction is *ipso facto* not representative of New Mexico law.

We find this argument unpersuasive. Plaintiff argues that the California statutory scheme is separate and distinct from common law tort and negligence theories, citing *Van Kempen v. Hayward Area Park etc. District*, 23 Cal.App.3d 822, 100 Cal. Rptr. 498 (1972). In *Van Kempen*, the California Court of Appeals denied plaintiff relief because he failed to make the requisite showing that the State created a dangerous condition, and, further, because he attempted to change from a dangerous condition theory to an attractive nuisance theory on appeal. Additionally, the court recognized that common law negligence theories not expressed in the statute were not available. The common law theory of attractive nuisance, not expressed in the statute, was not available. *Van Kempen* holds only that common law negligence theories not expressed in the governmental liability statutory scheme are not available. It does not hold, as plaintiff would have us believe, that in California, common law negligence theories play no part in determining governmental liability. Common law negligence theories are retained. "Dangerous condition" involves the reasonableness of the government's conduct in view of the

risk created, and proximate cause and foreseeability, fundamental common law negligence concepts, are retained.

We consider plaintiff's specific challenges *in seriatum.*

First, plaintiff argues that, in the introductory paragraph of Instruction 15, the language which states that plaintiff's cause of action must meet the "law relating to the ability of a public entity," misleads the jury into thinking that common law negligence standards do not apply because there are special standards under the "law relating to the liability of a public entity."

The introductory paragraph does not mislead the jury into thinking that a standard other than ordinary care applies to governmental entities. Instructions are read together, and if they fairly present the applicable law, they are sufficient. *Webb, supra.* The jury was instructed to consider the instructions as a whole. (Instruction 26). The jury was also instructed that it was the duty of the defendants to use ordinary care. (Instruction 13). "Ordinary care" was defined in Instruction 12. Since the jury was precisely instructed that defendants were held to the standard of ordinary care, the jury knew exactly what standard the defendants, a public entity, were held to.

■ Second, plaintiff argues that "dangerous condition" does not reflect New Mexico law, and that it is misleading. "Dangerous condition" is a correct statement of New Mexico law. New Mexico cases, both before and after the Tort Claims Act, have required proof that the governmental entity created a "dangerous condition." *See* concurring opinion of Judge Sutin in *Rickerson, supra.* Under *Rickerson,* once a dangerous condition is shown, then, is the dangerous condition the proximate cause of the injury? *Rickerson* also used the terms "negligently dangerous condition," and stated: "[I]n order to impose liability [on a municipality] . . . an unusual and extra ordinary hazardous condition must exist . . . ." *Cardoza v. Town of Silver City,* 96 N.M. 130, 628 P.2d 1126 (Ct. App.), *cert. denied,* 96 N.M. 116, 628 P.2d

686 (1981), also requires proof of a "dangerous condition." Where a municipality creates or causes a dangerous condition, notice (actual or constructive) is not a prerequisite to liability. *Id.* 628 P.2d at 1128. *Rickerson* and *Cardoza* are post-Tort Claims Act cases. Pre-Tort Claims Act cases also speak in terms of a dangerous condition. *Primus v. City of Hot Springs,* 57 N.M. 190, 256 P.2d 1065 (1953), considering whether plaintiff made out a prima facie negligence case against the city, noted testimony of policemen that the road was in a "dangerous condition." *See also Napoleon v. City of Santa Fe,* 38 N.M. 494, 35 P.2d 973 (1934).

"Dangerous condition" is not misleading. Instructions were given on negligence (No. 11) and ordinary care (No. 12 and No. 13). From these instructions the jury would have no difficulty in understanding that "dangerous condition" meant a condition which was not reasonably safe, and one which ordinary care would have eliminated.

Third, plaintiff argues that the "third" requirement, "[t]hat the injury occurred in a way which was reasonably foreseeable as a consequence of the dangerous condition of the property," incorrectly requires him to prove that his precise injury be foreseeable. This argument is strained. The instruction does not require that at all; it does no more than state the requirement in negligence cases that the risk of injury be foreseeable as a consequence of the defendant's negligence. *See* Prosser, The Law of Torts, at 250 (4th Ed. 1971).

Finally, plaintiff argues that "Fourth" (a) and (b), read together, require him to prove that the State had actual knowledge. Since one of his theories was that the State failed to correct local misconception, he argues that constructive notice alone is necessary to support his misconception theory.

Two situations arise in municipal liability cases. One is where the State creates the dangerous condition. The other is where the State did not create the dangerous condition, but knew or should have known of it, and should have corrected it. The misconception theory is an example of this second situation.

Plaintiff was required, under "Fourth" (a) and (b), to prove *either* that the State created the dangerous condition *or* if they didn't create it, then they had actual or constructive knowledge.

"Fourth" (a) accurately states the rule in *Cardoza, supra*: If the State creates the dangerous condition notice is irrelevant. This is precisely what "Fourth" (a) states.

"Fourth" (b) is directed at situations, like the misconception theory, in which the State did not create the dangerous condition, but knew or should have known about it, and should have corrected it. Contrary to plaintiff's assertion, "Fourth" (b) does not require actual notice; constructive notice is sufficient. The converse of *Cardoza, supra*, is that where the State has not created the dangerous condition, no duty to remedy the dangerous condition arises until actual or constructive notice is present. *Cardoza*, while not expressly holding that where the dangerous condition was not created by the State or municipality actual or constructive notice is required, does suggest it: "Whether actual or constructive notice is or is not necessary, depends on whether the municipality caused or did not cause the defect." Recognizing that actual or constructive notice is required when the State has not created the dangerous condition, the plaintiff introduced intersection comparison evidence to show that the State knew or should have known that the intersection in question was in a dangerous condition.

Instruction 15 is a correct statement of New Mexico law. It is not misleading or prejudicial. Considered with the other instructions given in the case, it adequately informed the jury of the applicable law.

The judgment is affirmed.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.