This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Nos. A-1-CA-36495 and A-1-CA-36496
(consolidated for purpose of opinion)**

**CAROL NELSON and STEVE NELSON,
personally and on behalf of LINDSEY
NELSON, a minor child,**

       Plaintiffs-Appellants,

v.

**ALBUQUERQUE BERNALILLO
COUNTY WATER UTILITY
AUTHORITY; TLC PLUMBING, INC.;
and ADVANTAGE BARRICADE AND
ROADMARKS, LLC,**

       Defendants-Appellees,

and

**BERNALILLO COUNTY and
ANTONIO VARGAS, in his
individual capacity,**

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Carl J. Butkus, District Judge**

Rabern Law
Trace Rabern
Santa Fe, NM

for Appellants

SaucedoChavez, P.C.
Christopher T. Saucedo

Brian Griesmeyer
Albuquerque, NM

for Appellee Albuquerque Bernalillo County Water Utility Authority

Cuddy & McCarthy, LLP
K. Stephen Royce
Albuquerque, NM

for Appellees Advantage Barricade and Roadmarks, LLC

Doughty Alcaraz, P.A.
Robert M. Doughty, III
Jeffrey M. Mitchell
Albuquerque, NM

Lewis Brisbois Bisgaard & Smith LLP

Laura Ackermann
Ryan M. Walters
Albuquerque, NM

for Appellee TLC Plumbing, Inc.

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** This appeal arises out of a car accident that occurred in a construction zone. Plaintiffs Carol Nelson and Steve Nelson sued the entities involved in the construction project, Albuquerque Bernalillo County Water Utility Authority (ABCWUA), TLC Plumbing, Inc. (TLC Plumbing), and Advantage Barricade and Roadmarks, LLC (Advantage Barricade) (collectively, the Construction Defendants). Plaintiffs also sued the individual who hit Mrs. Nelson, Antonio Vargas, and his employer, the County of Bernalillo (collectively, the Accident Defendants). Plaintiffs separately appeal the district court's decision granting summary judgment in favor of the Construction Defendants, as well as the district court's exclusion of Mrs. Nelson's medical bills at trial on Plaintiffs' claims against the Accident Defendants. We consolidate Plaintiffs' appeals. Concluding there was no error in the district court's grant of summary judgment or exclusion of Mrs. Nelson's medical bills, we affirm.

## BACKGROUND

**{2}** The undisputed material facts are as follows. ABCWUA contracted with TLC Plumbing to complete valve work on an underground waterline near the intersection of Eubank Blvd., N.E. and Constitution Ave., N.E., Albuquerque, New Mexico, which

required several lane closures on Eubank. TLC Plumbing, in turn, contracted with Advantage Barricade to provide temporary traffic-control signage for the construction site. One of the temporary traffic-control signs installed by Advantage was a "No Left Turn" sign placed on the left hand side of the only open southbound lane of Eubank, prohibiting southbound traffic from turning left onto Constitution.

{3}     One night during the construction period, Mrs. Nelson attempted to make a left-hand turn onto Constitution from the southbound Eubank lane. As she turned left into the intersection, Vargas—travelling northbound on Eubank—collided with Mrs. Nelson's vehicle. Following the accident, Plaintiffs filed this suit, claiming that the Construction Defendants negligently failed to: (1) "maintain a traffic control sign stating no left turn from Eubank NE to Constitution NE in a construction zone and placing it so that [it] is visible from the intersection"; (2) "place a large or different sign indicating no left turn from Eubank NE to Constitution NE in a construction zone area"; (3) "implement standards to maintain or position [the 'No Left Turn'] sign"; (4) "implement and use readily available resources to post the ['No Left Turn'] sign appropriately for individuals turning left into a construction zone"; (5) "provide alternative methods of traffic control in a construction zone where [the 'No Left Turn'] sign is not readily visible"; and (6) "use care in the maintenance of traffic control devices at or near the intersection[.]"

{4}     After extensive discovery, the Construction Defendants moved for summary judgment on all of Plaintiffs' claims, arguing that Plaintiffs failed to adduce evidence that the Construction Defendants breached any duty to Plaintiffs. Specifically, the Construction Defendants argued that there was no evidence that they failed to use reasonable care in installing or maintaining the "No Left Turn" sign, using a "No Left Turn" sign that was visible to drivers, or otherwise designing, installing, and maintaining the traffic-control devices near the intersection.

{5}     In support of this argument, the Construction Defendants attached excerpts from the 2009 American Association of State Highway Officials *Manual on Uniform Traffic Control Devices* (MUTCD), relating to the placement of temporary traffic-control signs, as well as three photos taken by the Bernalillo County Sheriff's Office during the course of its investigation of the accident showing the "No Left Turn" sign at the intersection visible from the point of view of southbound Eubank traffic. The Construction Defendants also attached a declaration signed and dated by one of Advantage Barricade's members in which the member  affirmed "under penalty of perjury"[1] that the following statements "are true and correct": (1) Advantage Barricade's traffic control plan was approved and inspected by the City of Albuquerque; (2) all of the temporary

---

1Rule 1-011(B) NMRA states that "[A]ny written statement in a pleading, paper, or other document that is not notarized shall have the same effect in a court proceeding as a notarized written statement, provided that the statement includes the following: (1) the date that the statement was given; (2) the signature of the person who gave the statement; and (3) a written affirmation under penalty of perjury under the laws of the State of New Mexico that the statement is true and correct."; *see* Rule 1-011 comm. cmt. (stating that Rule 1-011 was amended to "permit self-affirmation in lieu of notarization of any written sworn statement required or permitted under the Rules of Civil Procedure for the District Courts"). The declaration meets the requirements of Rule 1-011 and Defendants do not challenge its use.

traffic control signs were installed by trained and accredited traffic control technicians; (3) all of the temporary traffic-control signs complied with the MUTCD; (4) the "No Left Turn" sign, met or exceeded minimum reflective intensity requirements set by the City of Albuquerque; (5) the construction project was inspected periodically by Advantage Barricade, with the last inspection occurring the day of the accident; and (6) Advantage Barricade never received a report of a fallen sign on the construction project.

**{6}** In response, Plaintiffs argued that genuine issues of material fact existed as to whether the "No Left Turn" sign was "adequate and positioned so as to warn motorists of the danger presented by the construction project and to safely direct traffic." Plaintiffs attached Mrs. Nelson's affidavit stating that the "No Left Turn" sign "was tilted or angled so that it was not visible to [her] and would not have been visible to other southbound drivers." Attached to Mrs. Nelson's affidavit were two photos of the "No Left Turn" sign taken the night of the accident, which Mrs. Nelson claimed "show that the sign . . . was angled or tilted away from southbound traffic such that it was not visible to . . . southbound traffic[.]"[2]

**{7}** After a hearing on the motion, the district court granted summary judgment in favor of the Construction Defendants, stating, "I think the problem we've got in this case is that we're faced with, essentially, an evidentiary vacuum, and I think in that vacuum, the motion should be granted[.]"[3] The court subsequently entered an order finding that there were no genuine issues of material fact and concluding that the Construction Defendants were entitled to judgment as a matter of law.

**{8}** Following the district court's grant of summary judgment in favor of the Construction Defendants, the case proceeded to trial on Plaintiffs' claim against the Accident Defendants. Prior to trial, the Accident Defendants filed a motion in limine seeking to exclude evidence concerning Mrs. Nelson's medical treatment for an ankle injury she allegedly sustained in the accident. Specifically, the Accident Defendants argued that Mrs. Nelson had not disclosed an expert that would opine that any treatment—which included a surgery—she received from Dr. Seth Launer, was related to her accident and was reasonable and necessary. Further, they asserted that Mrs. Nelson's ankle injury was caused by heavy lifting associated with her spa business following the accident, and there was nothing in Dr. Launer's medical records to indicate that he formed an opinion in this regard. Plaintiffs filed a response arguing that they did not need to identify an expert because Dr. Launer could testify as Mrs. Nelson's treating

---

2Plaintiffs also attached excerpts from a third-party witnesses' deposition. However, the deposition excerpts were only cited to support Plaintiffs' assertion that Vargas crashed into Mrs. Nelson at a high rate of speed.

3The district court also granted a second motion for summary judgment filed by ABCWUA on the grounds that it did not have actual or constructive knowledge of a problem with the construction zone's signage. Because Plaintiffs do not appear to challenge this ruling on appeal, and because we affirm the district court's grant of the Construction Defendants' collective motion for summary judgment, we need not address the merits of ABCWUA's separate motion for summary judgment. *See Crespin v. Safeco Ins. Co. of Am.*, 2018-NMCA-068, ¶ 32 n.1, 429 P.3d 968 (noting that "issues not briefed are considered abandoned, and we do not raise them on our own" (internal quotation marks and citation omitted)).

physician regarding causation, treatment, and whether the treatment was reasonable and necessary.

**{9}** On the afternoon of the first day of trial, the district court addressed the motion in limine and told Plaintiffs to make an offer of proof that Dr. Launer would "testify as a matter of reasonable probability that the surgery and everything that is associated with that is a proximate cause of the accident[.]" Following extensive direct and cross-examination of Dr. Launer, the district court expressed concern as to whether Dr. Launer could opine as a matter of reasonable probability that Mrs. Nelson's ankle injury was due to the accident. The court ultimately—and reluctantly—ruled that Dr. Launer could testify, subject to rigorous cross-examination.

**{10}** As the trial proceeded, Plaintiffs attempted to introduce evidence of Mrs. Nelson's medical records and bills through Mr. Nelson. The district court sustained the Accident Defendants' objection to the admission of the medical bills, explaining,

> [T]he dollar amounts that were charged for the services can't be gone into with this witness, although we would probably go into it with [Dr.] Launer when we are going to get to him, as far as his treatment is concerned. If he is willing to say that they were reasonable and necessary, he can certainly do that. But most of them have been kept out at this point.

Plaintiffs again sought to introduce the medical records and bills following Mrs. Nelson's testimony. The Accident Defendants objected, arguing that there had been "no testimony in the trial that the surgery was reasonable and necessary and related to this car accident." The district court agreed and denied Plaintiffs' motion because Dr. Launer had yet to testify. The court then asked if Plaintiffs had any additional witnesses, to which Plaintiffs responded that they did not and rested their case. The district court subsequently denied Plaintiffs' tendered jury instruction on medical expenses as damages because there was insufficient evidence to support such expenses. The jury found the total amount of damages suffered by Plaintiffs to be $22,788 and determined that Mrs. Nelson was 50 percent at fault.

## DISCUSSION

### The District Court Properly Granted Summary Judgment

**{11}** Plaintiffs argue that the district court improperly granted summary judgment because there were disputed issues of material fact as to whether the Construction Defendants breached their duty to Plaintiffs. We review the grant of summary judgment de novo. *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280. "Summary judgment is proper where no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 24, 389 P.3d 1087. The movant has the initial burden of making a prima facie showing that he is entitled to summary judgment, which constitutes "such evidence as is sufficient in law to raise a presumption of fact or establish the fact in

question unless rebutted." *Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citation omitted). Once the movant establishes this prima facie case for summary judgment, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 27, 409 P.3d 930 (internal quotation marks and citation omitted). When attempting to meet this burden, the non-movant cannot rely on allegations or speculation but must present admissible evidence demonstrating the existence of a genuine issue of a material fact. *Id.* "If the non-movant fails to do so, summary judgment, if appropriate, shall be entered against him." *Id.* (internal quotation marks and citation omitted).

**{12}** The Construction Defendants' summary judgment motion argued that the undisputed material facts established that the traffic-control signs—including the "No Left Turn" sign—were installed by accredited traffic-control professionals in conformance with the MUTCD, pursuant to an approved barricade application, as well as the City of Albuquerque's temporary traffic control plan, the project was inspected periodically (including the day of the accident), and they had no notice of any fallen sign at the construction site. Based on these undisputed facts, the Construction Defendants argued that there was no evidence of any fault in the design, approval, installation or maintenance of the temporary traffic control installation and they were therefore entitled to summary judgment as a matter of law.

**{13}** In opposing the motion, Plaintiffs relied exclusively on Mrs. Nelson's affidavit in which she stated that the "No Left Turn" sign "was tilted or angled so that it was not visible to [her] and would not have been visible to other southbound drivers[,]" and two photos of the "No Left Turn" sign, which Plaintiffs claimed showed that the sign "was angled or tilted away from southbound traffic such that it was not visible to . . . southbound drivers."[4] Thus, Plaintiffs argued, there existed a material issue of fact as to whether the sign prohibiting left turns was positioned so that it was visible at the time of the crash. But even accepting Mrs. Nelson's assertions and characterizations of these photographs, this evidence, alone, was insufficient to create a question for the jury on the issue of whether the Construction Defendants breached any duty to Plaintiffs. Plaintiffs did not adduce any evidence sufficient to dispute the Construction Defendants' prima facie showing that they exercised reasonable care in selecting, designing, installing, monitoring, and maintaining the temporary traffic-control devices—including the "No Left Turn" sign—at the intersection. Accordingly, the district court properly granted summary judgment.[5] *See Mayfield Smithson Enters. v. Com-Quip, Inc.*, 1995-NMSC-034, ¶ 22, 120 N.M. 9, 896 P.2d 1156 ("Summary judgment is appropriate when

---

[4]Contrary to Mrs. Nelson's claim that the photos show that the sign was not visible to southbound drivers, the photos appear to show the sign facing southbound traffic, albeit slightly askance. Indeed, Plaintiffs recognize in their brief in chief that "none of the photos s[how the sign] facing the wrong way."

[5]Plaintiffs also appear to argue that the Construction Defendants breached their duty to Plaintiffs by failing to post reduced speed signs. Although their response to the Construction Defendants' motion for summary judgment included a statement that there were no reduced speed signs posted at the construction site, Plaintiffs did not make any argument on the point and thus failed to preserve the issue for our review. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

a defendant negates an essential element of the plaintiff's case by demonstrating the absence of an issue of fact regarding that element."); *Kreutzer*, 2018-NMCA-005, ¶ 27 ("If the movant establishes that there are no material fact issues and that it is entitled to judgment as a matter of law, the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (internal quotation marks and citation omitted)).

**{14}**   Plaintiffs further argue that summary judgment was improper because they "w[ere] entitled to have a jury determine whether the design and maintenance of th[e] pop-up temporary construction zone was reasonable and safe," citing several cases involving traffic accidents in which this Court held that genuine issues of material fact precluded summary judgment. Plaintiffs' reliance on these decisions is misplaced, as the plaintiffs in each of those cases presented evidence sufficient to create a genuine dispute of material fact precluding summary judgment. *See Pollock v. State Highway & Transp. Dep't*, 1999-NMCA-083, ¶ 16, 127 N.M. 521, 984 P.2d 768 (describing expert's affidavit submitted by the plaintiff "evaluat[ing] highway maintenance conditions allegedly contributing to the accident"); *Ryan v. N.M. State Highway & Transp. Dep't*, 1998-NMCA-116, ¶ 10, 125 N.M. 588, 964 P.2d 149 (noting that the plaintiffs presented an affidavit describing a series of accidents occurring on the particular stretch of highway as a result of wild animal crossings), *abrogated on other grounds by Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 2014-NMSC-014, ¶¶ 1, 3, 326 P.3d 465; *Rickerson v. State of N.M., & City of Roswell*, 1980-NMCA-050, ¶ 5, 94 N.M. 473, 612 P.2d 703 (discussing safety study received by the Department of Transportation several months prior to the accident suggesting that the intersection in question was unsafe). Plaintiffs provided no such evidence here.

**{15}**   Plaintiffs also appear to argue that summary judgment was improper because there were questions regarding whether the Construction Defendants proximately caused the accident and whether Mrs. Nelson actually saw the "No Left Turn" sign. However, where, as here, the summary judgment movant demonstrates the complete failure of proof concerning breach of duty, all other facts are rendered immaterial. *See Goradia v. Hahn Co.*, 1991-NMSC-040, ¶ 18, 111 N.M. 779, 810 P.2d 798 ("A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (alteration, internal quotation marks, and citation omitted)); *Kreutzer*, 2018-NMCA-005, ¶ 29 ("A dispute as to facts that are not material does not preclude summary judgment, and summary judgment is proper although disputed factual issues remain." (alteration, internal quotation marks, and citation omitted)).

**{16}**   Finally, Plaintiffs dedicate much of their briefing to general discussions of the standard for summary judgment, focusing on statements that our courts "view summary judgment with disfavor, and consider it a drastic remedy to be used with great caution." *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 6, 310 P.3d 611 (internal quotation marks and citations omitted). While  our Supreme Court has certainly made this statement, we nevertheless reiterate that "[t]he Rule 1-056 [NMRA] procedure serves a worthwhile purpose in disposing of groundless claims, or claims which cannot

be proved, without putting the parties and the courts through the trouble and expense of full blown trials on these claims." *Kreutzer*, 2018-NMCA-005, ¶ 30 (alteration, internal quotation marks, and citation omitted); *see Goradia*, 1991-NMSC-040, ¶ 18 (reiterating that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." (internal quotation marks and citation omitted)). Given Plaintiffs' failure to meet their burden under Rule 1-056 to demonstrate the existence of a genuine dispute of material fact as to whether the Construction Defendants breached any duty to Plaintiffs, summary judgment was appropriate in this case.

**The District Court Properly Excluded Mrs. Nelson's Medical Bills**

**{17}** Plaintiffs next argue that the district court improperly excluded Mrs. Nelson's medical bills during trial. "With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Holzem v. Presbyterian Healthcare Servs.*, 2013-NMCA-100, ¶ 14, 311 P.3d 1198 (internal quotation marks and citation omitted).

**{18}** Plaintiffs contend that no expert testimony was necessary to introduce Mrs. Nelson's medical bills. The law is clear that "a plaintiff seeking admission of medical bills must . . . establish through expert testimony that medical bills are reasonable and related to the claimed injuries." *See Segura v. K-Mart Corp.*, 2003-NMCA-013, ¶ 26, 133 N.M. 192, 62 P.3d 283. Nevertheless, Plaintiffs question "whether it is good policy to require medical expert testimony on the measure of damages in a simple car crash case[,]" and request that "this Court visit its mechanistic and overly-technical prior case law" on the issue. Specifically, Plaintiffs argue that "[c]ausation is a question for the jury" and assert that "[o]nce the treating physician can make a case for the need for medical care, at all, then the medical bills should be treated like any other medical business record."

**{19}** We decline to depart from precedent, as Plaintiffs failed to adequately develop an argument to justify any such departure. *See N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 11, 127 N.M. 654, 986 P.2d 450 (stating that "any departure from precedent demands special justification" and listing factors appellate courts consider before departing from precedent (alteration, omission, internal quotation marks, and citation omitted)); *NM Dep't of Human Servs. v. Tapia*, 1982-NMSC-033, ¶¶ 10-11, 97 N.M. 632, 642 P.2d 1091 (stating that lawyers must assist courts "in arriving at the correct conclusions" and that courts "risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers" (internal quotation marks and citation omitted)); *Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 30, 149 N.M. 556, 252 P.3d 780 ("This Court has no duty to review an argument that is not adequately developed.").

**{20}** We note that Plaintiffs argument is virtually impossible to follow. On the one hand, Plaintiffs argue that this case presented a dispute over causation, which is a question of fact for the jury, and on the other, they argue that the district court erred by "remov[ing] the question of [Mrs. Nelson's] medical expenses from the jury's consideration." We need not consider either of these arguments because, as we have stated, causation of Mrs. Nelson's injuries and bills for services must be proved by expert testimony and Plaintiffs in this case never called Dr. Launer or any expert to testify about causation or whether the medical bills were reasonable and necessary. *See State ex rel. State Eng'r v. United States*, 2018-NMCA-053, ¶ 36, 425 P.3d 723 ("It is well established that a party may not invite error and then proceed to complain about it on appeal." (internal quotation marks and citation omitted)), *cert. granted*, 2018-NMCERT-___ (Nos. S-1-SC-37068, S-1-SC-37100, Aug. 13, 2018). Because no expert testified that Mrs. Nelson's medical bills were reasonable and related to the injuries she sustained in the car accident, we hold that the district court properly excluded the bills. *See Segura*, 2003-NMCA-013, ¶ 26.

**CONCLUSION**

**{21}** For the foregoing reasons, we affirm the district court's grant of summary judgment and the exclusion of Mrs. Nelson's medical bills.

**{22} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**